IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-22190-MOORE/SIMONTON

| | |
|---|---|
| CITI CARS, Inc. a Florida corporation | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COX ENTERPRISES, INC. | ) |
| A Delaware Corporation | ) |
| | ) |
| COX AUTOMOTIVE, INC. | ) |
| A Delaware Corporation | ) |
| | ) |
| MANHEIM AUCTION, LLC | ) |
| A Delaware Limited Liability Corporation | ) |
| | ) |
| NEXTGEAR CAPITAL, INC. | ) |
| A Delaware Corporation, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES

Defendants Cox Enterprises, Inc., Cox Automotive Inc., Manheim Auction, LLC, and

NextGear Capital, Inc. (collectively, "Cox" or "Defendants"), by and through undersigned counsel

and pursuant to Federal Rule of Civil Procedure 26(c), move this Court to stay discovery and all

pretrial deadlines pending the resolution of Defendants' Motion to Compel Arbitration, or

Alternatively, to Dismiss ("Motion")  (Doc. 26).

### INTRODUCTION

Defendants request a stay of discovery and pretrial deadlines in the interests of judicial

economy and to alleviate unnecessary time and expense incurred by the parties pending resolution

of Defendants' Motion.  Defendants' Motion, filed on August 31, 2017, seeks to enforce their

rights to arbitration under the NextGear Contract and Manheim Terms and Conditions, or, in the alternative, to dismiss Plaintiff's complaint for failure to state a claim. However, on August 31, 2017, this Court referred the case to mediation, and ordered the parties to agree upon a mediator and file a Notice of Mediator Selection by September 15, 2017. (Doc. 25).

If the Court grants either aspect of Defendants' Motion, the parties will not be engaging in discovery in this Court. Thus, both aspects of Defendants' Motion constitute valid independent grounds for staying discovery. Either way, requiring the parties to engage in discovery and otherwise comply with the case management order, including the mediator selection deadline, will cause the parties to incur unnecessary time and costs, and is inconsistent with pursuing arbitration in a separate forum.

## ARGUMENT AND MEMORANDUM OF LAW

Courts have "broad discretion to stay discovery pending resolution of a dispositive motion," such as motions to compel arbitration. *Owings v. T-Mobile USA, Inc*., 2013 U.S. Dist. LEXIS 54984, *1-2 (M.D. Fla. Apr. 17, 2013) (citing *Feldman v. Flood*, 176 F.R.D. 651,652-53 (M.D. Fla. 1997)). When moving to stay discovery pursuant to Rule 26(c), "the moving party bears the burden of showing good cause and reasonableness." *Kennedy v. Compucredit Holdings Corp.*, 2013 U.S. Dist. LEXIS 196096, *3 (M.D. Fla. Feb. 28, 2013). In ruling on a motion to stay discovery pending resolution of a motion, the Court balances the potential harm from a delay in discovery against the possibility that the motion will be granted, eliminating the need for discovery. *Id.*

Where resolution of a preliminary motion may dispose of the entire action, courts have found good cause to stay discovery. *See Nankivil v. Lockheed Martin Corp*., 216 F.R.D. 689, 692, 2003 U.S. Dist. LEXIS 16771, *7 (M.D. Fla. Feb. 4, 2003); *see also McCullough v. Royal*

*Caribbean Cruises, Ltd.*, 2017 U.S. Dist. LEXIS 4057 (S.D. Fla. Jan. 11, 2017) (granting a stay of merits-based discovery pending resolution of a motion to dismiss for lack of personal jurisdiction); *Owings v. T-Mobile USA, Inc.*, 2013 U.S. Dist. LEXIS 54984 (M.D. Fla. Apr. 17, 2013) (granting a stay of discovery, including Rule 26 initial disclosures, pending resolution of a motion to compel arbitration because "a 'preliminary peek' at the pending Motion to Stay and Compel Arbitration reveals the Court's ruling thereon may obviate the need for a scheduling order and the exchange of initial disclosures"). Here, both aspects of Defendants' Motion – the motion to compel arbitration and the motion to dismiss for failure to state a claim – constitute valid independent grounds for staying discovery.

**A.   This Court Should Stay Pretrial Deadlines and Discovery So the Parties Can Resolve the Dispute Pursuant to the Arbitration Provisions.**

Defendants' request to compel arbitration is good cause for granting a stay of pretrial deadlines and discovery pending resolution of Defendants' Motion. If the Court grants the Motion and compels arbitration, this action will be stayed pending arbitration. *Jones v. Waffle House, Inc.*, No. 16-15574, 2017 U.S. App. LEXIS 14497 (11th Cir. Aug. 7, 2017) (vacating denial of motion to compel arbitration and remanding with instructions to stay the case pending arbitration).

Engaging in discovery *before* the Court rules on the Motion, however, could prejudice the Defendants by requiring them to engage in discovery in a manner that is inconsistent with Defendants' arbitration rights under the applicable agreements. When a case is referred to arbitration, the Federal Arbitration Act provides the arbitrator with the means to conduct discovery. 9 U.S.C §7. Therefore, allowing discovery under the Federal Rules of Civil Procedure when a case has been referred to arbitration can create a risk of "dual discovery" that "would almost inevitably frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient

010-8530-8938/1/AMERICAS

resolution of disputes and the easing of court congestion." *Niven v. Dean Witter Reynolds, Inc.*, 1985 U.S. Dist. LEXIS 18425, *3-4 (M.D. Fla. June 27, 1985).

This Court has recognized that "if a valid and enforceable arbitration agreement exists between the parties, Plaintiffs should not be able to circumvent the absence or limitation of discovery in arbitration proceedings by utilizing the court system to engage in discovery." *Johnson Law Grp. v. Elimadebt USA, LLC*, No. 09-CV-81331, 2010 U.S. Dist. Dkt. 31 (S.D. Fla. December 21, 2009) (granting a motion to stay discovery pending resolution of defendants' motion to compel arbitration).

Here, there is a valid, binding arbitration provision that establishes that the Judicial Arbitration and Mediation Service ("JAMS") Comprehensive Arbitration Rules and Procedures ("JAMS rules") govern resolution of the dispute, including the parameters of discovery, mediation and case management.  This Court should stay the pretrial deadlines to ensure that the terms of the parties' contract provisions can be enforced in the likely event that the Court compels arbitration. In addition to potentially conflicting discovery obligations in federal court and arbitration, the JAMS rules have different pretrial deadlines and requirements. For example, the Court's Order of Referral to Mediation (Doc.  25) requires designation of a mediator by September 15, 2017. However, mediation is not required under the JAMS rules. For these reasons, the Court should stay all pretrial deadlines and discovery, including the impending mediator selection deadline, until after the Court decides whether to compel Plaintiff to resolve the dispute in arbitration.

### B. The Court Should Stay Pretrial Deadlines and Discovery Because Defendants Have a Dispositive Motion to Dismiss Pending.

Defendants' dispositive motion to dismiss, filed in the unlikely event that the Court does not compel arbitration, constitutes a second, independent, basis to stay pretrial deadlines and discovery. The Motion to Dismiss involves only questions of law; it leaves open no questions of

010-8530-8938/1/AMERICAS

fact that would require that any discovery be conducted before this Court has ruled on the Motion. *See Duo-Regen Techs., LLC v. 4463251 Can., Inc.,* 2014 U.S. Dist. LEXIS 196227, \*3-5 (M.D. Fla. Feb. 12, 2014) (granting a motion to stay discovery on the grounds that, while there is no *per se* requirement to stay discovery pending resolution of a dispositive motion, the defendants' arguments that arbitration agreements precluded the litigation coupled with "contentions that the Amended Complaint fails to state plausible claims for relief make the motions to dismiss potentially dispositive").

This Court has found that "while a potentially dispositive motion is pending…Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law." *Chevaldina v. Katz*, 2017 U.S. Dist. LEXIS 137752, \*8-9 (S.D. Fla. Aug. 28, 2017).

Here, the Court should also alleviate unnecessary monetary burdens or expenses and judicial resources by staying all pretrial deadlines and discovery pending resolution of the motion to dismiss. The motion to dismiss, if granted, is meritorious and dispositive. The Defendants' motion to dismiss demonstrates that the Plaintiff's complaint pleads no facts to support any of its wholly conclusory claims, and that the Plaintiff failed to plead entire elements of their claims. Defendants' motion to dismiss is the type of dispositive motion that warrants granting a stay of discovery while it is pending resolution.

## C. Plaintiff Will Not Be Prejudiced By the Requested Stay.

Plaintiff will not be prejudiced by a stay of discovery and pretrial deadlines pending resolution of Defendants' Motion. *See Gerold v. Astellas Pharma US, Inc.*, 2015 U.S. Dist. LEXIS 137008, \*2-3 (M.D. Fla. Oct. 7, 2015) (finding that delaying discovery for 90 days "until the Court rules on whether Plaintiff has stated a viable cause of action will cause Plaintiff little harm"); *see*

SQUIRE PATTON BOGGS (US) LLP

010-8530-8938/1/AMERICAS

*also Duo-Regen Techs,* 2014 U.S. Dist. LEXIS 196227, at \*4-5 (granting motion for stay of discovery pending resolution of defendants' arbitration arguments and motion to dismiss complaint for failure to state a claim, and holding that potential prejudice to plaintiff could be remedied if necessary by amendments to the scheduling order).

Defendants' Motion will be fully briefed in the next few weeks, and this case is not scheduled for trial until June 25, 2018.  Plaintiff will not be prejudiced by waiting until the Defendants' Motion is resolved to begin discovery.

## CONCLUSION

WHEREFORE, Cox respectfully requests that this Court grant its motion to stay discovery and all pretrial deadlines pending the resolution of Cox's Motion to Compel Arbitration, or Alternatively, to Dismiss (Doc. 26).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that on September 6, 13, and 14, 2017, counsel for Defendants has attempted to confer with counsel for the Plaintiff regarding the relief requested in this motion, and counsel for the Plaintiff has not responded with Plaintiff's position regarding the relief requested in this motion.

Dated: September 14, 2017                    Respectfully submitted,


*s/ Kimberly J. Donovan*
Kimberly J. Donovan
(Florida Bar No. 16496)
Email: Kimberly.donovan@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
200 South Biscayne Blvd., Ste. 4700
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001


*s/ Mark J. Botti*
Mark J. Botti, admitted *pro hac vice*
Email: mark.botti@squirepb.com


*s/ Alicia J. Batts*
Alicia J. Batts, admitted *pro hac vice*
Email: alicia.batts@squirpb.com


Christopher H. Gordon, admitted *pro hac vice*
Email: christopher.gordon@squirepb.com
Jessica M. Hoke VanDerMiller*, admitted pro hac vice*
Email: jessica.hoke @squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315


*Attorneys for Defendants*

010-8530-8938/1/AMERICAS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 14, 2017, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing

to all counsel of record that are registered with the Court's CM/ECF system.

*s/ Kimberly J. Donovan*
Kimberly J. Donovan

010-8530-8938/1/AMERICAS