IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-22190-MOORE/SIMONTON

| | |
|---|---|
| CITI CARS, Inc. a Florida corporation | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COX ENTERPRISES, INC. | ) |
| A Delaware Corporation | ) |
| | ) |
| COX AUTOMOTIVE, INC. | ) |
| A Delaware Corporation | ) |
| | ) |
| MANHEIM AUCTION, LLC | ) |
| A Delaware Limited Liability Corporation | ) |
| | ) |
| NEXTGEAR CAPITAL, INC. | ) |
| A Delaware Corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY, TO DISMISS**

Defendants Cox Enterprises, Inc., Cox Automotive Inc., Manheim Auction, LLC, and NextGear Capital, Inc. (collectively, "Cox" or "Defendants"), by and through undersigned counsel, file the following reply in support of their Motion to Compel Arbitration, or Alternatively, to Dismiss [D.E. 26] ("Mot.").[1]

---

[1] Plaintiff's Response in Opposition [D.E. 32] is referred to as "Opposition" or "Opp." herein.

The express terms of Plaintiff's financing arrangement with Defendant NextGear require Plaintiff to arbitrate any and all disputes or claims it has with Defendants. Mandatory arbitration is also required by the express terms of Plaintiff's participation in Defendant Manheim's auctions. Nothing in Plaintiff's Opposition comes remotely close to calling into question the enforceability of these arbitration provisions, and thus the Court should grant Defendants' motion to compel arbitration.

Moreover, Plaintiff's Opposition provides no support for the numerous factual and substantive legal deficiencies in its Complaint. Indeed, Plaintiff's Opposition is little more than a regurgitation of the Complaint's inadequately pled and unfounded antitrust allegations. Should the Court refuse to compel arbitration of Plaintiff's claims, the Court should therefore dismiss those claims for failure to state a claim under which relief can be granted.

## I. Arbitration Should be Compelled

"The party opposing a motion to compel arbitration or to stay litigation pending arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (internal quotations omitted). As discussed below, Plaintiff failed to make such a factual showing, and Plaintiff's arguments fail as a matter of law. Arbitration should be compelled.

### A. Neither Arbitration Clause is Unconscionable

Plaintiff argues that the arbitration clauses at issue are unconscionable.[2] Plaintiff correctly recognizes that it bears the heavy burden of establishing *both* procedural *and* substantive unconscionability. Opp. at 7. Plaintiff is unable to make either showing.

---

[2] Although Plaintiff's analysis focuses on the Agreement, Plaintiff asserts that the Manheim Terms and Conditions "contain similar terms to the Agreement (D.E. 1, Ex. A), which also forestall the arbitration of Plaintiff's claims[.]"

2

### i. There is No Procedural Unconscionability

Plaintiff argues that the Agreement is procedurally unconscionable because it was a replacement of a prior agreement, NextGear had superior bargaining power, the terms were not subject to negotiation, the arbitration clause was not signed or initialed, and Plaintiff "had no realistic opportunity to understand the specific terms of the Agreement." Opp. at 8. As to the Manheim Terms and Conditions, Plaintiff merely argues that it has not reviewed or signed them. *Id.* at 8-9. In support of its procedural unconscionability argument, Plaintiff relies on case law regarding *consumers*.[3]

Plaintiff is not a consumer, but a corporate used car dealership. *See* Complaint at ¶ 1. "This and other courts, when considering the conscionability of contract provisions, have consistently noted a distinction between the average consumer and more sophisticated contracting parties." *Mirabile v. Blue Cross & Blue Shield of Kan. City (In re Managed Care Litig.)*, No. 05-23206-CIV-MORENO/TORRES, 2009 U.S. Dist. LEXIS 133564, *64 (S.D. Fla. Mar. 5, 2009). Thus, "absent clear and convincing evidence that the agreements are unconscionable[,]" the Court should view Plaintiff's claims "with some skepticism." *Id* at *65. Plaintiff likewise offers no evidence establishing "that their bargaining power is unequal to Defendants', or that they had no choice but to sign the agreement." *Id.* at *71. Nor does Plaintiff allege that it attempted to re-negotiate the binding arbitration provisions at issue. *See id.* Even if Plaintiff attempted to make such a showing, inequality of bargaining power is not a sufficient reason to invalidate an arbitration provision.

---

Opp. at 5 n.3. The Opposition fails to discuss any substantive provisions of the Manheim Terms and Conditions, much less attempt any factual showing demonstrating why arbitration should not be compelled besides generally alleging that Plaintiff did not read or sign them.

[3] *See Powertel, Inc., v. Bexley*, 743 So. 2d 570, 574 (Fla. 1st DCA 1999) (action by consumer against cellular service provider based on telephone service plan); *Murphy v. Courtesy Ford, LLC*, 944 So.2d 1131(Fla. 3d DCA 2006) (action by consumer/seller against vehicle dealership); *Belcher v. Kier*, 558 So. 2d 1039 (Fla. 2d DCA 1990) (action by mobile home tenants against park owner regarding rental increases).

*Spurgeon v. Marriott Int'l, Inc.*, No. 16-24612-CIV-ALTONAGA/O'Sullivan, 2017 U.S. Dist. LEXIS 32095, *15 (S.D. Fla. Mar. 7, 2017).

Plaintiff is a corporate business entity who acknowledges having entered into multiple commercial and financing transactions with Cox entities since 2006. *See* Opp. at 2, 8. Given this factual background, Plaintiff's argument that it "had no realistic opportunity to understand the specific terms of the Agreement" strains credulity to the breaking point.

Contrary to Plaintiff's argument, the Eleventh Circuit has concluded that "no signature is needed to satisfy the FAA's written agreement requirement." *Caley v. Gulfstream Aero. Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005). There is thus no requirement that either arbitration clause be individually signed or initialed by Plaintiff. Furthermore, there is no requirement that standard terms and conditions containing arbitration clauses actually be read in order to be enforceable. *See Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012). Here, the Manheim Terms and Conditions conspicuously state that they apply to anyone who attends Manheim auctions or uses Manheim services. Mot. Ex. 2 at p.1. As a corporate entity engaging in multiple transactions with Cox entities, Plaintiff was bound by these standard terms and conditions by attending Manheim auctions and using Manheim services.

### ii. There is No Substantive Unconscionability

Plaintiff argues[4] that the arbitration clauses at issue are substantively unconscionable because they lack mutuality, impose significant costs, and limit available remedies. Opp. at 9-10.[5]

---

[4] Once again, Plaintiff relies on a case involving a consumer transaction: *Palm Beach Motor Cars Limited, Inc. v. Jeffries*, 885 So. 2d 990 (Fla. 4th DCA 2004), where the Court specifically found "evidence that Motor Cars actively discouraged and/or prevented the purchaser from knowing and understanding the disputed contract terms." *Id.* at 993. Here, however, Plaintiff is a sophisticated corporate entity, not a consumer, and Plaintiff makes no claims that any Cox entity "discouraged and/or prevented" it from reading or understanding the relevant arbitration clauses.

[5] Although Plaintiff purports to refer to "the Agreements of both Next Gear and Manheim Auctions," it only cites provisions from the Agreement, not the Manheim Terms and Conditions. Opp. at 9-10. Thus, the Opposition entirely fails to address how or why the Manheim Terms and Conditions are substantively unconscionable.

Plaintiff's position should be rejected. "Even if the contract imposes on only one party the obligation to submit to arbitration, an arbitration clause warrants enforcement if consideration supports the balance of the contract." *Vanwechel v. Regions Bank*, No. 8:17-cv-738-T-23AAS, 2017 U.S. Dist. LEXIS 67127, *3 (M.D. Fla. May 3, 2017) (citing *Avid Eng'g, Inc., v. Orlando Marketplace Ltd.*, 809 So. 2d 1, 4 (Fla. 5th DCA 2001)). There is no evidence that the Agreement was not supported by consideration, and Plaintiff's mutuality argument thus lacks merit.

Plaintiff also fails to explain or supply any evidence demonstrating why submitting its claim to arbitration would impose costs more significant than traditional litigation in a federal forum. In fact, the discovery limitations found in the Agreement would presumably reduce litigation costs dramatically. And, discovery limitations do not render an arbitration clause unenforceable. *Larsen v. Citibank FSB*, Nos 15-10779; 10-12957, 2017 U.S. App. LEXIS 18563, *40-41 (11th Cir. Sep. 26, 2017) ("Even if the clause at issue here limited Johnson's discovery options in a meaningful way, it would not be substantively unconscionable on that basis alone.").

### iii. Plaintiff Failed to Demonstrate why Either Clause Defeats the Remedial Purposes of Antitrust Laws.

Plaintiff concedes that antitrust claims are arbitrable, but nevertheless suggests that the Agreement's[6] arbitration clause "defeats the remedial purposes of the antitrust laws." Opp. at 10. Plaintiff's argument should be rejected in light of the U.S. Supreme Court's ruling in *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304 (2013). In *Italian Colors*, which involved antitrust claims, the Court limited "allowing courts to invalidate agreements that prevent the 'effective vindication' of a federal statutory right." *Id.* at 2310. The Court found that the effective vindication exception "would certainly cover a provision in an arbitration agreement forbidding

---

[6] The Opposition does not address any provisions of the Manheim Terms and Conditions which contain purported remedy limitations.

5

the assertion of certain statutory rights. And it would perhaps cover filing and administrative fees attached to arbitration that are so high as to make access to the forum impracticable." *Id.* at 2310-11. The Court also clarified that "the antitrust laws do not guarantee an affordable procedural path to the vindication of every claim." *Id.* at 2309. Here, Plaintiff is unable to cite any provisions of the arbitration clauses precluding the pursuit of antitrust claims in arbitration. Nothing about either arbitration clause forbids the assertion of antitrust claims.[7]

### B. All Defendants Can Compel Arbitration

Although a minor point not fully developed, Plaintiff suggests that "only two of the four named Defendants are Parties to either the Next Gear Agreement or the Manheim [Terms and Conditions]." Opp. at 5. Plaintiff goes on to concede that all four defendants are closely related corporate entities. *Id.* at n.4. While, as argued below, these entities are not proper parties to this claim, even nonsignatories to a contract may compel arbitration where, among other reasons, there is a sufficiently close relationship between the signatory and nonsignatory defendants. *Regent Seven Seas Cruises, Inc. v. Rolls Royce, PLC*, 2007 U.S. Dist. LEXIS 11999, *22-23 (S.D. Fla. 2007); *see also McBro Planning & Dev. Co. v. Triangle Elec. Constr. Co.*, 741 F.2d 342, 344 (11th Cir. 1984) (permitting nonsignatory defendant to compel arbitration under equitable estoppel theory where claims were "intimately founded in and intertwined with the underlying contract obligations.") (internal quotations omitted); *J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 320-21 (4th Cir. 1988) ("When the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the

---

[7] Plaintiff's argument that the arbitration clauses limit available remedies does not provide a basis for denying the motion to compel. Issues relating to limitation of remedies, including the enforceability of such provisions, should be decided by the arbitrators in the first instance. *See Anders v. Hometown Mortg. Servs.*, 346 F.3d 1024, 1032 (11th Cir. 2003) ("Since the case is going to arbitration, an arbitrator and not a court should decide the validity of the remedial restriction provisions[.]").

parent to arbitration even though the parent is not formally a party to the arbitration agreement.").[8] The very nature of Plaintiff's basis for including these parties in this lawsuit satisfies this standard.

## II. Plaintiff Fails to State a Viable Antitrust Claim

Plaintiff's Opposition fails to provide any support for the numerous factual and legal deficiencies in its Complaint. Plaintiff merely rehashes, almost verbatim, the Complaint's conclusory and factually unsupported allegations, but those allegations do not even remotely come close to stating a claim under the antitrust laws. Plaintiff's claims fail as a matter of law and should be dismissed for failure to state a claim under which relief can be granted.

Among the Complaint's many fatal defects is Plaintiff's failure to adequately allege a relevant market in which competition has been harmed. This requires that Plaintiff define the relevant product market by alleging facts regarding substitute and non-substitute products and cross-elasticity of demand, which are elementary requirements in any antitrust case. *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 (1962). Plaintiff has failed to allege such facts. Nor does Plaintiff allege facts regarding the relevant geographic market, which is generally defined as the "area of effective competition," or "the area in which the product or its reasonably interchangeable substitutes are traded." *L.A. Draper & Son v. Wheelabrator-Frye*, Inc., 735 F.2d 414, 423 (11th Cir. 1984).

Plaintiff has likewise failed to establish that Defendants possess monopoly power in a relevant product and geographic market. An unsubstantiated reference to "at least an eighty-six (86%) percent market share" (Cmpt. ¶ 17) is not sufficient to allege market power, let alone

---

[8] Furthermore, the Manheim Terms and Conditions clearly provide: "These terms and conditions shall benefit Manheim Remarketing, Inc. and its various subsidiaries and affiliates, including the various Manheim auto auctions, Cox Automotive, Inc., and others[.]" Mot. Exhibit 2 at § 1. *See Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1302-03 (11th Cir. 2014) ("under Florida law, a nonsignatory to an arbitration agreement may be bound to arbitrate if the nonsignatory has received something more than an incidental or consequential benefit of the contract.") (internal quotations and citation omitted).

7

monopoly power. To sufficiently allege monopoly power requires Plaintiff to allege specific facts such as "the strength and capacity of current competitors; the potential for entry; the historic intensity of competition; and the impact of the legal or natural environment." *U.S. Anchor Manufacturing, Inc. v. Rule Industries, Inc.*, 7 F.3d 986, 994 (11th Cir. 1993). The Complaint falls far short of these basic requirements. To the contrary, paragraphs 20 and 21 of the Complaint actually suggest a competitive market with at least one major competitor (ADESA) and a recent entrant in Florida (Auto Nation, Inc.).

Plaintiff has failed to plead facts demonstrating that any of the Defendants have engaged in exclusionary conduct. The only conduct-specific "facts" Plaintiff alleges relate to certain unnamed "Franchise Dealers" who are purportedly required to assign their entire wholesale used vehicle portfolios to Manheim's nationwide auto chain. Cmpt. ¶ 35. Not only are these allegations of purported exclusive dealing wholly conclusory and unsupported by any facts in the Complaint, they fail to describe conduct that could be viewed as exclusionary. Most exclusive dealing arrangements are, in fact, viewed as benign or even procompetitive. *McWane, Inc. v. Federal Trade Commission*, 783 F.3d 814, 827 (11th Cir. 2015).

Plaintiff has failed to allege the requisite concerted action for its claim under Section 1 of the Sherman Act. To state a claim under Section 1, a plaintiff must show an agreement between two or more persons having an anticompetitive effect on a relevant market. *Levine v. Cent. Fla. Med. Affiliates, Inc.*, 72 F.3d 1538, 1551 (11th Cir. 1996). As a matter of law, Defendants – including Cox Enterprises, Inc. and certain of its wholly-owned subsidiaries – are incapable of conspiring with each other to violate the antitrust laws. *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984). For similar reasons, Plaintiff's civil conspiracy claim fails as a matter of law. *See Bryant Heating and Air Conditioning Corp v. Carrier Corp.*, 597 F. Supp.

1045, 1054 (S.D. Fla. 1984) (under Florida law, a corporation cannot conspire with its own agents or wholly-owned subsidiaries).

Finally, Plaintiff has failed to adequately allege that it suffered antitrust injury. An antitrust injury cannot consist solely of harm done to the plaintiff individually; instead, the plaintiff must allege injury to the competitive market. *Florida Monument Builders v. All Faiths Memorial Gardens*, 605 F. Supp. 1320, 1323 (S.D. Fla. 1984). Plaintiff does not appear to dispute this fundamental pleading requirement in its Opposition, nor does it provide any basis for concluding that it has alleged antitrust injury. Instead, and unexplainably, Plaintiff cites to two cases that neither speak to the issue of antitrust injury nor otherwise support Plaintiff's claims. Those cases, *Michigan Gas & Elec. Co. v. American Elec. Power C*o.[9] and *Utah Gas Pipelines Corp. v. El Paso Natural Gas Co.*,[10] are from the Southern District of New York and the District of Utah and thus are not binding on this court. More importantly, neither case accurately reflects the pleading requirements for stating an antitrust claim, which requires that a complaint contain sufficient, non-conclusory factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Contrary to what Plaintiff might believe, satisfying this burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. Plaintiff has Failed to State a Claim Against Cox Enterprises, Inc. and Cox Automotive, Inc.

In its Opposition, Plaintiff characterizes Defendants as "a combined entity." Opp. at 12. However, the mere fact that all Defendants are part of a single corporate entity is not, standing

---

[9] 41 F.R.D. 462, 10 Fed. R. Serv. 2d 80 (S.D.N.Y. 1966).
[10] 233 F.Supp. 955 (D. Utah 1964).

alone, sufficient to state a claim against those Cox entities not alleged to be involved with the challenged conduct.  *See, e.g., United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law that a parent corporation is not liable for the acts of its subsidiaries."); *In re Fla. Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d 1291, 1322-23 (S.D. Fla. 2010) (claims against parent company dismissed where complaint contained no allegations tying parent to alleged antitrust conspiracy involving subsidiary).  The Complaint contains no factual allegations regarding Cox Enterprises, Inc. or Cox Automotive, Inc.  Since there are no allegations that Cox Enterprises, Inc. or Cox Automotive, Inc. were involved with either Defendant Manheim's auctions or the financial arrangement between Plaintiff and Defendant NextGear, the Court should dismiss Plaintiff's claims against Cox Enterprises, Inc. and Cox Automotive, Inc.[11]

## CONCLUSION

Cox' motion to compel arbitration should be granted, and the Court should stay Plaintiff's claims in accordance with the FAA.  In the alternative, this Court should dismiss the Complaint for failure to state a claim under which relief can be granted.

Dated: October 13, 2017

---

[11] As Plaintiff has conceded Defendant's arguments in regards to Counts IV and V, this reply will not address those counts.  Defendant requests dismissal of Counts IV and V based upon previously stated grounds.

        Respectfully submitted,

        */s/ Kimberly J. Donovan*
        Kimberly J. Donovan
        (Florida Bar No. 16496)
        Email: Kimberly.donovan@squirepb.com
        **SQUIRE PATTON BOGGS (US) LLP**
        200 South Biscayne Blvd., Ste. 4700
        Miami, FL 33131
        Telephone: (305) 577-7000
        Facsimile: (305) 577-7001

        */s/ Mark J. Botti*
        Mark J. Botti, admitted *pro hac vice*
        Email: mark.botti@squirepb.com

        */s/ Alicia J. Batts*
        Alicia J. Batts, admitted *pro hac vice*
        Email: alicia.batts@squirepb.com
        Christopher H. Gordon, admitted *pro hac vice*
        Email: christopher.gordon@squirepb.com
        Jessica M. Hoke VanDerMiller*,* admitted *pro hac vice*
        Email: jessica.hoke @squirepb.com
        **SQUIRE PATTON BOGGS (US) LLP**
        2550 M Street, NW
        Washington, DC 20037
        Telephone: (202) 457-6000
        Facsimile:  (202) 457-6315

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 13, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

        */s/ Kimberly J. Donovan*
        Kimberly J. Donovan